Mark J. Dillon (State Bar No. 108329)
mdillon@gdandb.com
Lori D. Ballance (State Bar No. 133469)
lballance@gdandb.com
Yana L. Ridge (State Bar No. 306532)
yridge@gdandb.com
Gatzke Dillon & Ballance LLP
2762 Gateway Road
Carlsbad, California 92009
Telephone: (760) 431-9501
Facsimile:  (760) 431-9512

Attorneys for Respondent City of Torrance

[See Next Page for Additional Counsel]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMPERINI AIRFIELD PRESERVATION SOCIETY, a California unincorporated association,<br><br>Petitioner,<br><br>v.<br><br>CITY OF TORRANCE, a California municipal corporation and ROES 1 through 100,<br><br>Respondents. | Case No. CV-24-4538-CBM(JPRx)<br><br>**RESPONDENT CITY OF TORRANCE'S ANSWER TO VERIFIED PETITION FOR WRITS OF ADMINISTRATIVE MANDAMUS (CCP § 1094.5), TRADITIONAL MANDATE (CCP § 1085), OR OTHER EXTRAORDINARY RELIEF**<br><br>Petition Filed: April 22, 2024 |

Patrick Q. Sullivan (State Bar No. 179922)
psullivan@torranceca.gov
Tatia Y. Strader (State Bar No. 198735)
tstrader@torranceca.gov
Office of the City Attorney
3031 Torrance Blvd.
Torrance, California 90503
Telephone: (310) 618-5810
Facsimile:  (310) 618-5813

Attorneys for Respondent City of Torrance

Respondent City of Torrance (City) hereby responds to the verified petition for writs of administrative mandamus, traditional mandate, or other extraordinary relief (Petition) filed by Petitioner Zamperini Airfield Preservation Society (Plaintiff), as follows:

1. The City denies the allegations in paragraph 1 of the Petition.

2. The City admits the allegations in paragraph 2 of the Petition.

3. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Petition and on that ground denies all allegations therein.

4. The City denies the allegations in paragraph 4 of the Petition. The City also affirmatively alleges that this Petition was removed to the United States District Court for the Central District of California because it alleges federal questions requiring resolution.

5. The City admits that the United States District Court for the Central District of California has subject matter jurisdiction over this case, pursuant to California Code of Civil Procedure sections 1085 and 1094.5, but denies all remaining allegations in paragraph 5 of the Petition.

6. The City denies the allegations in paragraph 6 of the Petition. The City affirmatively alleges that United States District Court for the Central District of California has personal jurisdiction over each named party to this action, and denies all remaining allegations in paragraph 6 of the Petition.

7. The City admits the allegations in paragraph 7 of the Petition.

8. The City denies the allegations in paragraph 8 of the Petition.

9. The City admits the allegations in paragraph 9 of the Petition.

10. The City admits the allegations in paragraph 10 of the Petition.

11. The City admits that in March 1948, the United States executed a deed to the City for the airport, and further alleges that the deed speaks for itself, so that no

*RESPONDENT'S ANSWER TO PETITION FOR WRITS OF MANDATE*

further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 11 of the Petition.

12.    The City admits that in March 1956, the United States executed a deed to the City for the airport, and further alleges that the deed speaks for itself, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 12 of the Petition.

13.    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Petition and on that ground denies all allegations therein.

14.    The City denies the allegations in the first sentence of paragraph 14 of the Petition.  The City admits the allegations in the second sentence of paragraph 14 of the Petition.  In response to the remaining allegations in paragraph 14 of the Petition, the City alleges that the Resolution speaks for itself, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 14 of the Petition.

15.    In response to the allegations in paragraph 15 of the Petition, the City alleges that the ANCLUC Report speaks for itself, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 15 of the Petition.

16.    The City admits the allegations in the first sentence of paragraph 16 of the Petition.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 16 of the Petition.

17.    The City admits the allegations in the first and second sentences of paragraph 17 of the Petition.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 17 of the Petition.

18.    The City admits the allegations in the first sentence of paragraph 18 of the Petition and further alleges that the transcript for the referenced public hearing speaks for itself, so that no further response is required. Except as alleged or

admitted, the City denies all other and remaining allegations in paragraph 18 of the Petition.

19.    In response to the allegations in paragraph 19 of the Petition, the City alleges that the City's staff report, transcript for the referenced public hearing, and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 19 of the Petition.

20.    In response to the allegations in paragraph 20 of the Petition, the City alleges that the transcript for the referenced public hearing speaks for itself, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 20 of the Petition.

21.    In response to the allegations in paragraph 21 of the Petition, the City alleges that the transcript, minutes, and agenda for the referenced public hearing speak for themselves, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 21 of the Petition.

22.    The City admits the allegations in the first sentence of paragraph 22 of the Petition and further alleges that the transcript for the referenced public hearing and all public comments submitted before and during that hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 22 of the Petition.

23.    The City admits the allegations in the first sentence of paragraph 23 of the Petition and further alleges that the City's staff report, transcript for the referenced public hearing, and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 23 of the Petition.

*RESPONDENT'S ANSWER TO PETITION FOR WRITS OF MANDATE*

24.     The City admits the allegations in the first sentence of paragraph 24 of the Petition and further alleges that the transcript for the referenced public hearing and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 24 of the Petition.

25.     The City admits the allegations in paragraph 25 of the Petition.

26.     The City admits the allegations in the first sentence of paragraph 26 of the Petition and further alleges that the transcript for the referenced public hearing and all public comments and statements made before and during the hearing speak for themselves, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 26 of the Petition.

27.     The City admits the allegations in paragraph 27 of the Petition.

28.     The City admits the allegations in paragraph 28 of the Petition.

29.     The City denies the allegations in paragraph 29 of the Petition.

30.     In response to the allegations in paragraph 30 of the Petition, the City alleges that the February 18, 2020 letter speaks for itself, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 30 of the Petition.

31.     In response to the allegations in paragraph 31 of the Petition, the City alleges that the August 16, 2021, and September 22, 2022, letters speak for themselves, so that no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 31 of the Petition.

32.     In response to the allegations in paragraph 32 of the Petition, the City alleges that the transcript and staff report for the Transportation Committee's April 12, 2023, meeting speak for themselves, so that no further response is required. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 32 of the Petition.

33.     The City denies the allegations in paragraph 33 of the Petition.

34.    The City denies the allegations in paragraph 34 of the Petition.

35.    The City denies the allegations in paragraph 35 of the Petition.

36.    The City denies the allegations in paragraph 36 of the Petition.

37.    The City denies the allegations in paragraph 37 of the Petition.

38.    The City denies the allegations in paragraph 38 of the Petition.

39.    The City denies the allegations in paragraph 39 of the Petition.

40.    The allegations in paragraph 40 of the Petition are legal conclusions; the law speaks for itself, and no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 40 of the Petition.

41.    The allegations in the first sentence of paragraph 41 of the Petition are legal conclusions; the law speaks for itself, and no further response is required.  The City denies the allegations in the second sentence of paragraph 41 of the Petition. Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 41 of the Petition.

42.    The City denies the allegations in paragraph 42 of the Petition.

43.    In response to the allegations in paragraph 43 of the Petition, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that ground denies all allegations in paragraph 43 of the Petition.

44.    In response to the allegations in paragraph 44 of the Petition, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that ground denies all allegations in paragraph 44 of the Petition.

45.    The City admits the allegations in the first portion of paragraph 45 of the Petition and at this time, denies the remaining allegations in paragraph 45 on information and belief.

46.     The allegations in paragraph 46 of the Petition are legal argument and conclusions, and no further response is required.  Except as alleged or admitted, the City denies all other and remaining allegations in paragraph 46 of the Petition.

47.     The City denies the allegations in paragraph 47 of the Petition.

48.     The City denies the allegations in paragraph 48 of the Petition.

49.     Answering paragraph 49 of the Petition, the City re-alleges and incorporates by reference paragraphs 1 through 48 of this Answer.

50.     The City denies the allegations in paragraph 50 of the Petition.

51.     The City denies the allegations in paragraph 51 of the Petition.

52.     The City denies the allegations in paragraph 52 of the Petition.

53.     The City denies the allegations in paragraph 53 of the Petition.

54.     The City denies the allegations in paragraph 54 of the Petition.

55.     The City denies the allegations in paragraph 55 of the Petition.

56.     Answering paragraph 56 of the Petition, the City re-alleges and incorporates by reference paragraphs 1 through 55 of this Answer.

57.     The City denies the allegations in paragraph 57 of the Petition.

58.     The City denies the allegations in paragraph 58 of the Petition.

59.     The City denies the allegations in paragraph 59 of the Petition.

60.     The City denies the allegations in paragraph 60 of the Petition.

61.     The City denies the allegations in paragraph 61 of the Petition.

**ANSWERING PRAYER FOR RELIEF**

1.     Answering paragraph 1 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

2.     Answering paragraph 2 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

3.     Answering paragraph 3 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

4.    Answering paragraph 4 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

5.    Answering paragraph 5 of Prayer for Relief, the City requests that this Court deny the relief requested therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    The Petition, and each purported cause of action alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

2.    Without admitting any allegation in the Petition, the City alleges that Petitioner failed to exhaust existing and available administrative remedies prior to commencement of this action.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Issues)

3.    Without admitting any allegation in the Petition, the City alleges that the claims alleged in the Petition are barred, in whole or in part, because they were not raised at the hearing at which the City Council approved the Ordinance at issue.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4.    Without admitting any allegation in the Petition, the City alleges that Petitioner failed to file this action, and the various claims and issues alleged therein (in whole or in part), within the time permitted by law.

## FIFTH AFFIRMATIVE DEFENSE
### (Standing)

5.    Without admitting any allegation in the Petition, the City alleges that Petitioner lacks standing in that it cannot show for itself or the public a clear, present, and beneficial right to performance of the duty or duties that the City allegedly did not perform.

7

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver/Forfeiture)

6.    Without admitting any allegation in the Petition, the City alleges that Petitioner's action, and the claims and issues alleged therein (in whole or in part), are barred by the waiver/forfeiture doctrine.  The City further alleges that should Petitioner's opening brief fail to raise any claim or issue alleged in the Petition, the omitted claim or issue is barred by the waiver/forfeiture doctrine and that such issues are deemed forfeited/abandoned.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7.    Without admitting any allegation in the Petition, the City alleges that Petitioner unreasonably delayed the commencement and prosecution of this action to the prejudice of the City, whereby the Petition, and each cause of action presented therein, is barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Lawful Exercise of Discretion and Compliance with Law)

8.    Without admitting any allegation in the Petition, the City alleges that the Petition, and the claims and issues alleged therein (in whole or in part), are barred because the City lawfully exercised its discretion and complied with all applicable laws.

### NINTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

9.    Without admitting any allegation in the Petition, the City alleges that the Petition, and the claims and issues alleged therein (in whole or in part), are barred by the collateral estoppel doctrine.

### TENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

10.    Without admitting any allegation in the Petition, the City alleges that the Petition, and the claims and issues alleged therein (in whole or in part), are barred by the res judicata doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

11.    Without admitting any allegation in the Petition, the City alleges that Petitioner's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

12.    Without admitting any allegation in the Petition, the City alleges that Petitioner by its conduct and/or that of its agents, are estopped to assert or enforce all or any part of the claims alleged in the Petition.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Notice)**

13.    The causes of action in the Petition are barred by Petitioner's failure to give timely notice to the California Attorney General.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Attorney's Fees)**

14.    Petitioner does not qualify for an award of attorneys' fees because they, and each of them, are suing for their personal benefit.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Separation of Powers)**

15.    The City alleges that the relief requested by Petitioner is barred because it would require the Court to substitute its judgment for that of the City to engage in land use planning in violation of the principles of separation of powers and/or engage in continuous judicial supervision over governmental affairs.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Mootness)**

16.    Without admitting any allegation in the Petition, the City alleges that the Petition, and each of its causes of actions and claims alleged therein, are barred because the Petition, and each of its causes of actions and claims alleged therein, are moot.

/ / /

9

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

17.    Without admitting any allegation in the Petition, the City alleges that the City may have other separate and additional defenses of which it is not presently aware and hereby reserve the right to raise such defenses by amendment of this Answer, or by their opposition briefs in this action.

## PRAYER FOR RELIEF

WHEREFORE, the City prays that:

1.    Petitioner's request for relief, in all respects, be denied and Petitioner take nothing by this action;

2.    Judgment be entered denying the Petition and each cause of action therein;

3.    Reasonable attorney's fees incurred by the City be awarded, if authorized;

4.    Costs of suit incurred by the City be awarded; and

5.    The Court grant such other relief as may be just and proper.

November 8, 2024                 GATZKE DILLON & BALLANCE LLP

                                 By:   /s/ Mark J. Dillon
                                       Mark J. Dillon
                                       Attorneys for City of Torrance

November 8, 2024                 OFFICE OF CITY ATTORNEY

                                 By:   /s/ Patrick Q. Sullivan
                                       Patrick Q. Sullivan
                                       Attorney for City of Torrance

*RESPONDENT'S ANSWER TO PETITION FOR WRITS OF MANDATE*

**VERIFICATION**

I, Mark Dillon, am the attorney for Respondent City of Torrance (City) in the above-captioned action.  The City is not located in San Diego County, California, where I have my office, and I make this verification for and on behalf of the City for that reason. I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I executed this verification on November 8, 2024, in Carlsbad, California.


_____*/s/ Mark J. Dillon*_____
Mark J. Dillon

RESPONDENT'S ANSWER TO PETITION FOR WRITS OF MANDATE

**PROOF OF SERVICE**

I declare that I am employed with the law firm of Gatzke Dillon &Ballance LLP, whose address is 2762 Gateway Road, Carlsbad, California 92009. I am not a party to the within cause, and I am over the age of eighteen years.

I hereby certify that on November 9, 2024, I served by email the foregoing City of Torrance's Answer to Petition for Writs of Administrative Mandamus, Traditional Mandate, or Other Extraordinary Relief, on the following persons at the following addresses in accordance with L.R. 5-3-.2 and F.R.Civ.P. 5.

Christopher Wolcott, Esq.
Orbach Huff and Henderson LLP
1901 Avenue of the Stars, Suite 575
Los Angeles, California 90067
cwolcott@ohhlegal.com

*Attorneys for Petitioner, Zamperini Airfield*
*Preservation Society*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Carlsbad, California on November 9, 2024.

*/s/ Yana L. Ridge*
Yana Ridge