**Stan M. Barankiewicz II, Esq. (State Bar No. 204513)**
**ORBACH HUFF & HENDERSON LLP**
**1901 Avenue of the Stars, Suite 575**
**Los Angeles, California 90067-6007**
**Telephone: (310) 788-9200**
**Facsimile: (310) 788-9210**
**sbarankiewicz@ohhlegal.com**

Attorneys for Plaintiff/Petitioner
ZAMPERINI AIRFIELD PRESERVATION SOCIETY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMPERINI AIRFIELD PRESERVATION SOCIETY, a California unincorporated association,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>CITY OF TORRANCE, a California municipal corporation and ROES 1 through 100,<br><br>Defendants/Respondents. | CASE NO.: 2:24-cv-04538-CBM-JPR<br><br>[Assigned to District Judge Consuelo B. Marshall and Magistrate Judge Jean P. Rosenbluth]<br><br>**PLAINTIFF/PETITIONER ZAMPERINI AIRFIELD PRESERVATION SOCIETY'S OBJECTIONS TO DEFENDANT/RESPONDENT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION FOR WRIT OF MANDATE**<br><br>Date:  October 21, 2025<br>Time:  10:00 a.m.<br>Dept:  8D<br>Judge: Hon. Consuelo B. Marshall<br><br>Petition Filed:  April 22, 2024 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff/Petitioner Zamperini Airfield Preservation Society ("ZAPS") hereby objects to, and opposes, Defendant/Respondent City of Torrance's ("City") Request for Judicial Notice in Support of Opposition to Petitioner's Motion for Writ of Mandate ("RJN").

The City seeks judicial notice of a document titled, *Federal Airport Noise and Regulations and Programs* that it attached as Exhibit A to its RJN. This is a document hosted on a public website, and the City seeks judicial notice of the entire document. This document is not a proper matter for this Court to take judicial notice. Moreover, none of the City's cited authorities support taking judicial notice of this document.

The City asserts that the document is "not subject to reasonable dispute", but uses this to support its argument that the Touch & Go Ordinance is not subject to the Airport Noise and Capacity Act ("ANCA"). However, the City and ZAPS specifically disagree on whether ANCA's procedures were required prior to adoption of the Touch & Go Ordinance. Therefore, this is not an undisputed fact, so it would be inappropriate to take judicial notice.

The City also argues that *Alliance for the Wild Rockies v. Savage*, 897 F.3d 1025 (9th Cir. 2018) allows a court to take judicial notice of facts not in an administrative record. Although the court in that case did take judicial notice of a letter on a government website, it only took judicial notice of that document because the request was unopposed and the document was used to determine whether the case was moot. *Id* at 1032, n.11. The Ninth Circuit specifically stated, "Alliance's unopposed motion for judicial notice of the Forest Service's November 2, 2016 letter requesting reconsultation (Dkt. No. 54) is granted…" *Id*. Unlike in *Alliance*, ZAPS is opposing the judicial notice request, so it is also inappropriate to take judicial notice on this basis.

Clearly, the City is seeking judicial notice because the document is not part of the Administrative Record. But the City cannot augment the record after the fact through judicial notice. "[I]t is not 'appropriate … for either party to use post-decision

1  information as a new rationalization either for sustaining or attacking the Agency's
2  decision.'" *Rybachek v. U.S. E.P.A.*, 904 F.2d 1276 (9th Cir. 1990) the Ninth Circuit
3  denied a request to judicially notice documents not included in the record.

4  Further, the Federal Airport Noise and Regulations and Programs document was available to the City when it considered the Touch & Go Ordinance. The document was issued in 2021 and publicly available at the internet address that the City provided. It was available at the time the City adopted the Touch & Go Ordinance on February 6, 2024. AR09271-2. The City's failure to include or consider this document at the time City Council considered adopting the Touch & Go Ordinance means the document was not, and cannot, be part of the Administrative Record. This is fatal to the City's request for judicial notice. "[I]t would never be proper to take judicial notice of evidence that (1) is absent from the administrative record, and (2) was not before the agency at the time it made its decision. This is so because only relevant evidence is subject to judicial notice." *Western States Petroleum Assn. v. Superior Court*, 9 Cal.4th 559, 573, fn. 4, citing *Cal. v. Superior Court of Cal.*, 482 U.S. 400 (1987).

Accordingly, ZAPS respectfully requests this Court deny the City's Request for Judicial Notice and decline to consider Exhibit A in determining ZAPS's Motion for Writ of Mandate.

DATED:  August 28, 2025         ORBACH HUFF & HENDERSON LLP

By:     /s/  Stan M. Barankiewicz, II.
        Stan M. Barankiewicz II, Esq.
        Attorneys for Plaintiff/Petitioner
        ZAMPERINI AIRFIELD PRESERVATION
        SOCIETY

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served on August 28, 2025 with a copy of this document via the court's CM/ECF system pursuant to Local Rule 5-3.2.1.

      /s/  Stan M. Barankiewicz, II.
Stan M. Barankiewicz II, Esq.