ORBACH HUFF & HENDERSON LLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMPERINI AIRFIELD PRESERVATION SOCIETY, a California unincorporated association,<br><br>        Plaintiff/Petitioner,<br><br>v.<br><br>CITY OF TORRANCE, a California municipal corporation and ROES 1 through 100,<br><br>        Defendants/Respondents. | CASE NO.: 2:24-cv-04538 CBM(JPRx)<br><br>[Assigned to District Judge Consuelo B. Marshall and Magistrate Judge Jean P. Rosenbluth]<br><br>**[PROPOSED] ORDER RE: PLAINTIFF/PETITIONER ZAMPERINI AIRFIELD PRESERVATION SOCIETY'S MOTION FOR WRIT OF MANDATE**<br><br>Date:    October 21, 2025<br>Time:    10:00 a.m.<br>Dept:    8D<br>Judge:  Hon. Consuelo B. Marshall<br><br>Petition Filed:        April 22, 2024 |

## [PROPOSED] ORDER

Plaintiff and Petitioner Zamperini Airfield Preservation Society's ("ZAPS") Petition for Writ of Mandate was heard before this Court on October 21, 2025. Having read the papers filed by the parties and having carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Petitioner's Motion, for the following reasons.

ORBACH HUFF & HENDERSON LLP

## BACKGROUND

Defendant and Respondent City of Torrance ("City") is the owner and operator of Torrance Municipal Airport ("Airport"). On February 6, 2024, City Council adopted and passed the Touch & Go Ordinance, as Ordinance No. 3930, which amended Article 5 "Touch (and Stop) and Go, Full Stop-Taxi Back and Low Approaches" of Chapter 1, Division 5 of the Torrance Municipal Code. Thereafter, City promulgated Torrance Municipal Code sections 51.5.1 through 51.5.7 to implement Ordinance No. 3930 ("Touch & Go Ordinance"). That ordinance prohibits and restricts four specific flight training operations at the Airport, which are frequently used in training. Those include: Touch and Go (an action by an aircraft consisting of a landing and departure on a runway without stopping or exiting the runway), Stop and Go (an action by an aircraft consisting of a landing followed by a complete stop on the runway and a takeoff from that point), Full Stop-Taxi Back (an action by an aircraft consisting of a landing on any runway followed by exiting the runway, with or without a complete stop, and returning directly to the approach end of any runway for a subsequent take-off), and Low Approach (an action by an aircraft consisting of an approach over the Airport for a landing where the pilot intentionally does not make contact with the runway). The Touch & Go Ordinance prohibits touch-and-go and stop-and-go maneuvers at the Airport. It also restricted days and times for which low approach and full stop-taxi back maneuvers could be performed to only non-holiday, weekdays between the hours of 10:00 a.m. and 6:00 p.m.

## DISCUSSION

### Jurisdiction.

ZAPS's writ of mandate claims presents a federal question which the federal courts have jurisdiction to resolve since the Touch & Go Ordinance seeks to regulate federal matters that include flight operations and flight patterns. 28 U.S.C. § 1331; *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96, (1983). An ordinance such as the Touch & Go

[PROPOSED] ORDER RE: PLAINTIFF/PETITIONER ZAMPERINI AIRFIELD PRESERVATION SOCIETY'S PETITION FOR WRIT OF MANDATE

ORBACH HUFF & HENDERSON LLP

Ordinance is a legislative act that is reviewable by writ of mandate. *Yes in My Back Yard v. City of Culver City*, 96 Cal.App.5th 1103, 1112-13 (2023). ZAPS is an aggrieved person who appeared at the public meetings and hearings of the City Council and objected to the City's adoption of the Touch & Go Ordinance and promulgation of its implementing Torrance Municipal Code sections 51.5.1 through 51.5.7.

Federal courts have jurisdiction to hear California writ of mandamus actions. *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1184 (E.D. Cal. 2013), citing *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1027 n. 6 (9th Cir.2005). Where a mandamus action seeks to enforce a federal right, federal courts may retain supplemental jurisdiction over a state writ petition. *Tulare Loc. Health Care Dist. v. California Dep't of Health Care Servs.*, 328 F. Supp. 3d 988, 990 (N.D. Cal. 2018) (noting that district court denied motion to remand petition for writ of mandate under § 1085 where petition "raised a number of issues of federal law"). Even if there is no private right of enforcement, under the doctrine of *Ex Parte Young*, parties are not barred from invoking federal jurisdiction when "they do so not to enforce the federal law themselves, but to preclude a municipal entity from subjecting them to local laws enacted in violation of federal requirements." *Friends of the East Hampton Airport, Inc. v. Town of East Hampton*, 841 F.3d 133, 146 (2d Cir. 2016), citing *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 222 (2d Cir. 2008) (pre-enforcement challenge to pre-empted state law presented no "barriers to justiciability").

**Standard of Review**.

For a writ of mandate, "[a] court will uphold the agency action unless the action is arbitrary, capricious, or lacking in evidentiary support. A court must ensure that an agency has adequately considered all relevant factors, and has demonstrated a rational connection between those factors, the choice made, and the purposes of the enabling statute." *Cal. Hotel & Motel Assn. v. Indus. Welfare Com.*, 25 Cal.3d 200, 212 (1979). Moreover, judicial review of agency actions under 5 U.S.C. § 706 permits the court to:

ORBACH HUFF & HENDERSON LLP

"[H]old unlawful and set aside agency action, findings, and conclusions found to be—

"(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court."

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."

5 U.S.C. § 706(b). Based on this standard, the City's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, were contrary to constitutional powers to regulate flight operations, and were in excess of the City's statutory authority and limitations.

**The Touch & Go Ordinance is Preempted by Federal Law**.

"[The] Constitution, and the Laws of the United States which shall be made in Pursuance thereof…shall be the supreme Law of the Land…" U.S. Const. art. VI, cl. 2. From this authority, Congress provided for the expansive authority for the federal government to regulate airspace and aircraft transiting it. "The United States Government has exclusive sovereignty of airspace of the United States." 49 U.S.C. § 40103(a) ("Section 40103").  The U.S. Supreme Court has held, that since 1926, "the United States has 'complete and exclusive national sovereignty in the airspace' of this country." *United States v. Causby*, 328 U.S. 256, 260 (1946). "With the passage of the Federal Aviation Act of 1958, 49 U.S.C. § 1301et seq., Congress expressed the view that the control of aviation should rest exclusively in the hands of the federal government." *Kohr v. Allegheny Airlines, Inc.*, 504 F.2d 400, 404 (7th Cir. 1974). A

state law which conflicts with federal law is preempted or "without effect". *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981).

Moreover, "[F]ederal law occupies the entire field of aviation safety." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 473 (9th Cir. 2007); *Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127, 1128 (9th Cir. 2021). "Congress' intent to displace state law is implicit in the pervasiveness of the federal regulations, the dominance of the federal interest in this area, and the legislative goal of establishing a single, uniform system of control over air safety." *Montalvo*, 508 F.3d at 473. Further, federal regulation of aircraft noise and restrictions preempts state and local authority to regulate flight operations in order to address noise concerns. *City of Burbank*, 411 U.S. at 638; *Arapahoe County Pub. Airport Auth. v. FAA*, 242 F.3d 1213, 1220-21 (10th Cir. 2001). "Where Congress occupies an entire field…even complementary state regulation is impermissible. Field preemption reflects a congressional decision to foreclose any state regulation in the area, even if it is parallel to federal standards." *Arizona*, 567 U.S. at 401.

The Touch & Go Ordinance is further void under conflict preemption because it directly conflicts with ANCA by regulating certain aircraft within its purview. A state or local law is preempted "to the extent of any conflict with a federal statute." *Hillman v. Maretta*, 569 U.S. 483, 490 (2013), citing *Hines v. Davidowitz*, 312 U.S. 52, 66–67 (1941); *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n*, 461 U.S. 190, 204 (1983). "Such a conflict occurs when compliance with both federal and state regulations is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hillman v. Maretta*, 569 U.S. 483, 490 (2013), citations and quotations omitted.

> "The moment a ship taxies onto a runway it is caught up in an elaborate and detailed system of controls. It takes off only by instruction from the control tower, it travels on prescribed beams, it may be diverted from its intended landing, and it obeys signals and orders. Its privileges, rights, and

ORBACH HUFF & HENDERSON LLP

[PROPOSED] ORDER RE: PLAINTIFF/PETITIONER ZAMPERINI AIRFIELD PRESERVATION SOCIETY'S
PETITION FOR WRIT OF MANDATE

protection, so far as transit is concerned, it owes to the Federal Government alone and not to any state government."

*Nw. Airlines v. State of Minnesota*, 322 U.S. 292, 303 (1944). Although preemption is based on the intent of Congress, that intent is "more readily inferred in the field of aviation because it is an area of the law where the federal interest is dominant." *Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 724 (9th Cir. 2016), citing *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

**As the Airport Proprietor, the City Only Has a Limited Right to Regulate Noise Coming From the Airport, Not From Aircraft in the Pattern Flying Overhead**.

The City, as a proprietor of the Airport, only has limited authority to regulate noise because: "The federal government regulates aircraft and airspace pervasively, preempting regulation of aircraft noise by state or local governments." *City & Cnty. of San Francisco v. F.A.A.*, 942 F.2d 1391, 1394 (9th Cir. 1991). Congress only reserved "a limited role for local airport proprietors in regulating noise levels at their airports." *Id*. Emph. added. This exception "allows municipalities to promulgate reasonable, nonarbitrary and non-discriminatory regulations of noise and other environmental concerns at the local level." *Nat'l Helicopter Corp. of Am. v. City of New York*, 137 F.3d 81, 88 (2d Cir. 1998), citations and quotations omitted. Moreover, proprietary powers never extended to regulation of routes, which is prohibited. *Am. Airlines, Inc. v. Dep't of Transp.*, 202 F.3d 788, 806-07 (5th Cir. 2000), citing *Nat'l Helicopter Corp. of Am.*, 137 F.3d at 91-92.

The precise scope of a proprietor's powers is not clearly defined by any court yet. "Courts have, however, recognized that local proprietors play an extremely limited role in the regulation of aviation." *Arapahoe County Public Airport Authority v. FAA*, 242 F.3d 1213, 1222 (10th Cir. 2001), quotation marks and citations omitted; *Western Air Lines In. v. Port Auth. of New York and New Jersey*, 658 F.Supp. 952, 953 (S.D. NY

[PROPOSED] ORDER RE: PLAINTIFF/PETITIONER ZAMPERINI AIRFIELD PRESERVATION SOCIETY'S PETITION FOR WRIT OF MANDATE

ORBACH HUFF & HENDERSON LLP

ORBACH HUFF & HENDERSON LLP

1986), citing *British Airways Bd. v. Port Auth.*, 564 F.2d 1002 (2d Cir. 1977).

The courts have consistently halted the proprietor's exception when it comes to flying aircraft. In *Price v. Charter Tp. of Fenton*, 909 F.Supp 498, 503 (E.D. Mich. 1995), the court invalidated an ordinance limiting takeoffs and landings because "[i]t is difficult, if not impossible, to draw distinction between regulation concerning the 'flight' of aircraft and regulation concerning the takeoff and landing of aircraft." In *Blue Sky Entertainment, Inc. v. Town of Gardiner*, 711 F.Supp 678, 694 (N.D.N.Y. 1989), the town's regulation prohibiting low-flying aircraft was preempted. In *United States v. City of Blue Ash*, 487 F.Supp. 135, 135-36 (S.D.Ohio 1978), the city's ordinance requiring departure turns for noise abatement was preempted. In *Command Helicopter, Inc. v. City of Chicago*, 691 F.Supp 1148, 1148 and 1150 (N.D.Ill. 1988), regulations on lifting operations by helicopters were preempted. In *Gustafson v City of Lake Angelus*, 856 F.Supp. 320, 326 (E.D.Mich. 1983), the court found that a city's ordinances prohibiting seaplanes from flying in the city's airspace less than 500 feet and prohibiting seaplanes from landing on a lake is clearly contrary to FAA regulation and federal statutes, and thus, the ordinances were preempted.

The proprietor exception, recognized in *Griggs v. Allegheny County*, 369 U.S. 84 (1962), and *City of Burbank*, allows local regulation of airport noise only to the extent it does not interfere with aircraft in flight. Courts have consistently held that this exception is narrow and applies only to reasonable, non-arbitrary, and nondiscriminatory restrictions on ground operations. None of cases cited by the City allowed a local proprietor to regulate flying aircraft.

The parties agree that an airport proprietor's regulations must be "reasonable, nonarbitrary, and nondiscriminatory." *Arapahoe County Public Airport Auth. v. F.A.A.*, 242 F.3d 1213, 1223 (10th Cir. 2001). However, as Plaintiff points out, the FAA must ensure that local restrictions do not unjustly discriminate or burden access. *Ibid*. But this does not justify or authorize intrusion into preempted areas, such as preempted navigable airspace. Indeed, "actions taken in violation of legal mandates are, by their

7

nature unreasonable and arbitrary." *Friends of the East Hampton Airport,* 841 F.3d 133, 146, 153 (2d Cir. 2016).

Further, the City's claim that the Touch & Go Ordinance is reasonable and nondiscriminatory is undermined by its selective targeting of training operations, which disproportionately affects flight schools and student pilots. To impose a local control that prohibits a pilot who is training and not against a pilot who is not training is clearly discriminatory. The Touch & Go Ordinance bans common training maneuvers without evidence of a narrowly tailored solution or consideration of less restrictive alternatives, which makes it discriminatory.

## The Touch & Go Ordinance Was Adopted for the Improper Purpose of Regulating Flying Aircraft.

The City adopted the Touch & Go Ordinance for the sole improper purpose of regulating flying aircraft. In other words, to limit the number of aircraft flying above the City's neighborhoods. On one hand, the record is replete with calls to stop aircraft from flying over their homes and neighborhoods. See pages 29 through 31of Plaintiff's Opening Brief detailing this evidence. Councilmember Mattucci even said, "[U]timately, we want to reduce the number of flights, one way or another…." AR02545. On the other hand, there is no record evidence that that the City adopted the Touch & Go Ordinance to limit noise emanating from the airport itself. Since the City adopted the Touch & Go Ordinance to regulate flying aircraft, the Touch & Go Ordinance conflicts with the exclusive federal authority over the airspace, and is therefore preempted and void.

## The City's Adoption of the Touch & Go Ordinance Violated ANCA.

The City admits that it could not comply with the requirements of ANCA and did not attempt to comply with those requirements. It is clear from the evidence in the Administrative Record that the City intended to, and did, impermissibly regulate flight

8

ORBACH HUFF & HENDERSON LLP

operations and flight patterns through the prohibitions and restrictions in the Touch & Go Ordinance. The City does not have the unilateral authority to restrict aircraft flight operations to address noise and emissions concerns since "[t]he proprietor exception, allowing reasonable regulations to fix noise levels at and around an airport at an acceptable amount, gives no authority to local officials to assign or restrict routes." *Nat'l Helicopter Corp. of Am. v. City of New York*, 137 F.3d 81, 92 (2d Cir. 1998).

Accordingly, the Court finds that the Touch & Go Ordinance is void because it is preempted by federal law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS ZAPS's Motion for Writ of Mandate. The City is hereby ordered to vacate the Touch & Go Ordinance and to file a return demonstrating that it has complied with this order.

ZAPS shall prepare a Peremptory Writ of Mandate to be issued by the Court and a Judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: _____          By:_____

                                                  Hon. Consuelo B. Marshall

                                                  United States District Judge

ORBACH HUFF & HENDERSON LLP

9

# CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on October 9, 2025 with a copy of this document via the court's CM/ECF system pursuant to Local Rule 5-3.2.1.


                       /s/  Stan M. Barankiewicz, II.
                       Stan M. Barankiewicz II, Esq.

ORBACH HUFF & HENDERSON LLP

[PROPOSED] ORDER RE: PLAINTIFF/PETITIONER ZAMPERINI AIRFIELD PRESERVATION SOCIETY'S PETITION FOR WRIT OF MANDATE